Richard M. Matheson (05510)
Quinn A. Sperry (11771)
**JENKINS BAGLEY SPERRY, PLLC**
5383 S 900 E Suite 205
Salt Lake City, UT 84117
Tel: (801) 613-2025
Fax: (435) 656-8201
Email: RMM@jenkinsbagley.com
        QAS@jenkinsbagley.com

*Attorneys for Kristy Homes and Development, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Kristy Homes and Development, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Ohana Capital Financial and<br>James K. Wolfgramm aka Semisi Niu,<br><br>Defendants. | **COMPLAINT<br>AND<br>REQUEST FOR JURY**<br><br>Case No:<br><br>Judge: |

## COMPLAINT

Plaintiff, Kristy Homes and Development, LLC, by its undersigned counsel, hereby complains against Defendants, Ohana Capital Financial and James Wolfgramm aka Semisi Niu and, in support of its causes of action, alleges the following:

1. Plaintiff Kristy Homes and Development, LLC ("KHD") is an Idaho limited liability company with offices at 6211 Cleveland Blvd., Caldwell, Idaho 83607.  KHD is engaged in real estate development projects.  KHD's Managing Member is Timothy Kristovich.

1

2.	Defendant Ohana Capital Financial ("OCF") had an office at 150 Mountain Way Drive, Orem, Utah 84805.  OCF was formed in or about November 2019 and based upon representations made on two OCF websites maintained – www.ohanacapitalfinancial.com and www.ohanabanking.com – OCF purports to be "a private company that invests in various opportunities, and provides targeted financial, management, and strategic guidance towards those investments.  The primary investment methods are by entering into a joint venture agreement or us becoming a lender on a specific project.  Ohana Capital Financial does not solicit monies from the public to invest."  In addition to offering loans, OCF accepted deposits from customers who were seeking to use services offered by OCF, including wire transfer services.  OCF boasted its motto was "Banking the unbankable" and purported to offer full financial services to those entities that were not eligible for traditional bank accounts.  OCF was registered as a private lender with the Utah Department of Financial Institutions (UDFI), but never registered as a full financial institution with UDFI.

3.	Defendant James Wolfgramm aka Semisi Niu ("JW") was a resident of Spanish Fork Utah, in Utah County, Utah.  JW was the founder and owner of OCF.  JW was OCF's President.

4.	Justin Ely ("JE"), Chief Executive Officer of Worth Group LLC ("WG"), a capital raising consulting firm based in Salt Lake City, Utah, advised Plaintiff on a process to raise debt financing for Plaintiff's real estate development projects.  JE vouched for and introduced Plaintiff to Defendants JW and OCF in March 2021.

5. JE and WG advised Plaintiff to use Defendants for custodial deposit services in connection with a proposed loan transaction for Plaintiff to secure a purported $4 million bank line of credit for a project loan ("Purported Loan" or "Loan").

6. JE, WG, JW and OCF described the Purported Loan process as requiring Plaintiff to make a substantial cash deposit that would secure the Loan. The former group advised Plaintiff that Plaintiff's cash deposit would made to OCF's account at Mountain America Credit Union ("MACU") Salt Lake City, UT branch. Thereafter the group stated that Plaintiff's cash deposit would then be transferred to OCF's account at The Reserve Trust ("TRT") for safekeeping in TRT's master account with the Federal Reserve Bank of Kansas City, MO. OCF cited these procedures in writing to Plaintiff on April 2, 2021. Specifically in a letter to Plaintiff dated April 2, 2021, on OFC letterhead and signed by Semisi Niu, Operations Manager, OFC stated: "All [Plaintiff] deposits at Ohana Capital Financial are held in our corresponding financial institution's master account at the Federal Reserve Bank of Kansas City, MO USA." OFC's letterhead showed OFC's address as 150 S. Mountain Way Drive, Orem Utah 84058.

7. Consistent with OCF's April 2, 2021 stated procedures, on April 9, 2021, JE and WG instructed Plaintiff to wire $1 million (the "Deposit") to OCF's account at MACU. Specifically, on the latter date, JE emailed Plaintiff with instructions to wire the Deposit with notation on the wire instructions: "NOTE PURPOSE OF TRANSFER OF FUNDS "Worth Group LLC - 1106648988."

8. To provide Plaintiff a sense of security respecting its Funds to be deposited at MACU, JE, WG, and Defendant OCF "arranged for" an online portal for Plaintiff to view its Funds at all times deposited in OCF's account at MACU and/or TRT.

9. With JE and WG's guidance and oversight, Plaintiff entered into an agreement with Defendant OCF on April 14, 2021. Pursuant to this agreement, the Funds were not to be touched by OCF or anyone else and were to remain solely Plaintiff's Funds.

10. In accordance with JE and WG's instructions, Plaintiff wired the Deposit to OCF's account at MACU (the Salt Lake City, UT branch office) on April 19, 2021.

11. Following the April 19, 2021 Deposit, Plaintiff periodically viewed what it believed to be its Deposit custodied in OCF's account at MACU and/or TRT through the on-line portal supplied by JE, WG, JW and OCF. Sometime in January 2022, Plaintiff could no longer view the Deposit information through the portal and Plaintiff became extremely alarmed.

12. Around the same time Plaintiff lost access view of its Deposit, Plaintiff received publicity that JW and OCF had been criminally charged by the U.S. Attorney for the District of Utah in a complaint captioned: "UNITED STATES OF AMERICA vs. JAMES WOLFGRAMM AKA SEMISI NIU" filed January 6, 2022 (the "Criminal Information").

13. The Criminal Information alleged that JW since May 2018 has perpetrated several fraudulent schemes one major one being through OCF, which JW "formed and controlled" on or about November 2019.

14. The Criminal Information stated: "In addition to offering loans, OCF accepted deposits from customers who were seeking to use services offered by OCF, including wire transfer services. In the case of OCF customer M.K., who sent a large deposit to OCF, OCF

provided an online portal for M.K. to confirm amounts held on deposit with OCF for M.K.'s benefit. The portal listed M.K.'s account as a 'checking' account."

15. The Criminal Information further stated: "OCF was registered as a private lender with the UDFI but was never registered as a full financial institution…. Even so, OCF received money on deposit from customers with the understanding that an entity's money would be kept on deposit until such time as the customer authorized OCF to release the money (according to the customer's directives). Upon OCF's receipt of deposits from several customers, WOLFGRAMM, without the customers' authorization, directed that these funds be used for unrelated business expenses."

16. The Criminal Information gave an example of JW and OCF's fraud: "For instance, on or about September 19, 2020, OCF customer M.K. transferred $4,950,000 to an OCF account at Mountain America Credit Union. M.K. had advised WOLFGRAMM and others at OCF that the deposited funds were to be used for an anticipated transaction by M.K.'s company with a manufacturer of Personal Protective Equipment (PPE) in China. But instead of keeping M.K.'s funds on deposit and ready for transfer at the time designated by M.K., WOLFGRAMM, from October 1, 2020, through October 13, 2020, directed that $4,090,435 of M.K.'s funds be paid to two separate, unrelated entities for purposes of settling legal actions against WOLFGRAMM and OCF."

17. Finally, the Criminal Information gave another example of the JW/OCF fraud: "Further, on or about November 5, 2020, OCF customer Viral Films Media (VFM) transferred $1,001,000 to an OCF account at Mountain America Credit Union. VFM had intended to apply the funds towards a film project for which they were attempting to obtain funding. Instead of

keeping VFM's funds on deposit and ready for transfer at the time designated by VFM, WOLFGRAMM, on November 6, 2020, directed $1,000,000 of VFM's funds be paid to a Chinese manufacturer of PPE – as part of a transfer requested by OCF customer M.K."

18. Upon reading the Criminal Information, Plaintiff was alarmed that the alleged fraud committed by JW and OCF against particularly VFM was eerily similar to the transactional facts experienced by Plaintiff.

19. On February 7, 2022, Plaintiff, through its counsel, wrote a demand letter to JE and WG to a Salt Lake City, UT address of JE and WG. The demand letter was returned unopened to Plaintiff as sender, and Plaintiff continues to seek the whereabouts of JE to seek further information about his and WG's relationship with JW and OCF.

20. On February 9, 2022, Plaintiff, through its counsel, wrote a demand letter to MACU for an accounting of Plaintiff's Deposit made to OCF's MACU account on April 19, 2021. MACU responded to Plaintiff that MACU no longer holds funds for OCF and would provide no further information to Plaintiff absent a subpoena.

21. On February 9, 2022, Plaintiff, through its counsel, also wrote a demand letter to TRT for an accounting of Plaintiff's Deposit made to OCF's TRT account on or after April 19, 2021. TRT responded to Plaintiff that TRT no longer holds funds for OCF and would provide no further information to Plaintiff absent a subpoena.

22. Plaintiff, to date, has lost possession and access to its Funds that were the subject of the April 19, 2021 Deposit to OCF's MACU account.

23. According to the agreement with OCF, Plaintiff should have had its $1 million Deposit returned while being able to secure a $4 million line of credit. Because of OCF and

JW's going completely dark with respect to communicating with Plaintiff as to the disposition of Plaintiff's Deposit, Plaintiff has been able to secure the credit line that was critical for its real estate development project that would have reaped Plaintiff significant profit opportunities.

24. On August 19, 2022, William W. Uchimoto, Esquire, Plaintiff's counsel wrote JW at [Jameswolfgrammniu@gmail.com](mailto:Jameswolfgrammniu@gmail.com) and made one final demand for return of and/or an accounting of Plaintiff's $1 million Deposit. JW gave no response to this demand.

## COUNT I
## BREACH OF CONTRACT

25. The Plaintiff incorporates by reference herein all of the above paragraphs.

26. Plaintiff executed a contract with Defendant OCF on April 14, 2021, whereby Plaintiff was to deposit $1 million in Funds to secure a loan through OCF, JE and/or WG. Pursuant to this agreement, the Funds were not to be touched by OCF or anyone else and were to remain solely Plaintiff's Funds.

27. On information and belief, Defendant breached the agreement by misappropriating Plaintiff's Funds for purposes that benefited Defendants and not holding the Funds solely for Plaintiff.

28. For Defendants' breach of the agreement, Plaintiff seeks damages for the loss of Plaintiff's Funds and attendant costs that were the subject of the Deposit made on April 19, 2021.

**WHEREFORE**, Plaintiff also demands a full and proper accounting and judgment for compensatory, consequential and punitive damages against Defendants, plus attorney fees, interest, costs, and any further relief deemed appropriate by this Honorable Court.

## COUNT II
## BREACH OF BAILMENT

29. The Plaintiff incorporates by reference herein all of the above paragraphs.

30. Defendants were a Bailee of Plaintiff (Bailor) Deposit, which was $1 million in cash, which constitutes personal property of Plaintiff. The Deposit was received by Defendants-Bailee on April 19, 2021.

31. Pursuant to an express agreement, Defendants-Bailee were to hold Plaintiff's Deposit in custody for ultimate return to Plaintiff-Bailor in connection with a Purported Loan transaction.

32. Defendants-Bailee breached their bailee obligations by misappropriating Plaintiff-Bailor's Deposit and failing to return such Deposit to Plaintiff-Bailor with fulfilling the Purported Loan transaction.

**WHEREFORE**, Plaintiff also demands a full and proper accounting and judgment for compensatory, consequential and punitive damages against Defendants, plus attorney fees, interest, costs, and any further relief deemed appropriate by this Honorable Court.

## COUNT III
## CONVERSION

33. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs, as if the same were again set forth herein fully and at length.

34. Defendants without authority or permission intentionally misappropriated or otherwise deprived Plaintiff of its Deposited Funds.

35. Defendants' conversion of Plaintiff's Funds was willful, reckless, wanton, oppressive.

36. For conversion of Plaintiff's Funds, Plaintiff seeks compensatory, consequential, and punitive damages from Defendant.

**WHEREFORE**, Plaintiff demands a full and proper accounting and judgment for compensatory, consequential and punitive damages against Defendant, plus attorney fees, interest, costs, and any further relief deemed appropriate by this Honorable Court.

## COUNT IV
## EMBEZZLEMENT

35. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs, as if the same were again set forth herein fully and at length.

36. Defendants were entrusted with Plaintiff's Funds which was $1 million, which constituted personal property of Plaintiff. Plaintiff was induced by Defendants to deposit its Funds into Defendant OCF's account at MACU on April 19, 2021 for safekeeping in connection with the Purported Loan by Defendants.

37. Instead of safekeeping Plaintiff's Funds, on information and belief, Defendants misappropriated Plaintiff's Funds for Defendants' use and benefit without the knowledge or approval of Plaintiff.

38. For embezzlement of Plaintiff's Funds, Plaintiff seeks compensatory, consequential and punitive damages from Defendant.

**WHEREFORE**, Plaintiff demands a full and proper accounting and judgment for compensatory, consequential and punitive damages against Defendant, plus attorney fees, interest, costs, and any further relief deemed appropriate by this Honorable Court.

## COUNT V
## FRAUD

39. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs, as if the same were again set forth herein fully and at length.

40. Defendants made numerous material misstatements starting with a letter dated April 2, 2021, signed by JW as to Plaintiff orally and in writing regarding the Purported Loan to induce Plaintiff to deposit Funds with Defendant OCF for "safekeeping" at MACU and then TRT.

41. Defendants' statements were false at the time they were made as Defendants never intended to safekeep Plaintiff's Funds at MACU and/or TRT, but instead, Defendants used Plaintiff's Funds for Defendants' use and sole benefit.

42. Defendants and others covered up the fraudulent ruse by providing a fake online portal for Plaintiff to periodically check on the existence of its Funds.

43. Plaintiff relied upon Defendants' materially misleading statements to make the Funds Deposit to Defendant OCF's account at MACU.

44. Plaintiff has lost possession and access to its Funds as a result of Defendants' fraud.

45. For the fraud committed by Defendants, Plaintiff seeks compensatory, consequential, and punitive damages from Defendant.

## COUNT VI
## ACCOUNTING

46. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs, as if the same were again set forth herein fully and at length.

40. Plaintiff entrusted Defendants with Plaintiff's Funds and Defendants owed a fiduciary duty to Plaintiff.

41. Defendants have not returned Plaintiff's Funds and Defendants are in breach of the agreement that requires return of the Funds to Defendants.

41. Defendants have made demands to Defendants for the return of its Funds or at least an accounting of its Funds to no avail. Any further demands for an accounting as related to Defendants would be futile.

42. As a result of the breaches of fiduciary duty by Defendants, Plaintiff is entitled to a full accounting of its Funds by Defendants.

**WHEREFORE**, Plaintiff demands a full and proper accounting and judgment for compensatory, consequential and punitive damages against Defendant, plus attorney fees, interest, costs, and any further relief deemed appropriate by this Honorable Court.

    JENKINS BAGLEY SPERRY, PLLC
By: /s/ *Richard M. Matheson*_____
    Richard M. Matheson
By: /s/ *Quinn A. Sperry*_____
    Quinn A. Sperry